UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **R. DANE SHARP, individually and on behalf** | ) | |
| **of all similarly situated employees,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 14-CV-0614-CVE-TLW** |
| | ) | |
| **CGG LAND (U.S.) INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION AND ORDER

Before the Court is plaintiff's motion for first stage collective action certification, for Court authorized notice, and for disclosure of the names, addresses and dates of employment of the potential opt-in plaintiffs (Dkt. # 16). Plaintiff seeks to conditionally certify this case as a collective action under 29 U.S.C. § 216 and to define the class of potential plaintiffs. Dkt. # 16, at 2. Plaintiff also requests that this Court approve the notice of suit that would be sent to potential plaintiffs, order defendant to produce contact information about potential class members, order defendant to include a copy of the notice in the pay envelopes and W-2 mailings provided to current and former employees, and order plaintiff to deliver the notice to all potential class members by mail. Id. Defendant responds that plaintiff has failed to meet the burden for conditional certification and that the majority of plaintiff's other requests are unreasonable. Dkt. # 24. Plaintiff has filed a reply. Dkt. # 27.

## I.

Plaintiff worked for defendant, a corporation involved in seismic surveying, as both a truck driver and a vibe operator for approximately four years. Dkt. # 1, at 1. Plaintiff's employment required regular travel to and from remote work sites, and defendant paid for or reimbursed plaintiff

for his travel and lodging expenses. Dkt. # 16-1, at 2. For every day that plaintiff worked, he received a cash payment of $35.00 in addition to the pay and reimbursement otherwise owed to him. Dkt. # 1, at 3. This payment was referred to as a "hot shot." Id. at 2-3. Plaintiff received these "hot shot" payments regardless of his position, the number of hours he worked, or whether he incurred additional expenses while working. Dkt. # 16-1, at 2. Plaintiff observed numerous other employees receive "hot shot" payments as well. Id. Although the employees documented their acceptance of the "hot shot" payments, plaintiff did not observe other employees provide receipts or other evidence of expenses. Id.

Plaintiff and his co-workers regularly worked more than forty hours per week, for which they received overtime pay. Id. at 1. Plaintiff states that he was "employed and paid as an hourly non exempt [sic] employee for the purpose of overtime compensation." Dkt. # 1, at 1. At some point,[1] plaintiff reviewed his payment records and determined that defendant calculated the rate of overtime pay without including the daily "hot shot" payment as part of the regular rate of pay. Dkt. # 16-1, at 2. When he asked co-workers about their regular rate of pay, they reported rates that also did not include the "hot shot" payment. Id. On October 14, 2014, plaintiff filed a complaint on behalf of himself and others, alleging that defendant violated 29 U.S.C. § 207(a) by failing to pay the correct rate of overtime pay. Dkt. # 1, at 2. Plaintiff now seeks first stage conditional certification of the case as a collective action.

---

[1]      Whether this event occurred before or after plaintiff left defendant's employ is unknown.

2

## II.

A. Legal Standard

Plaintiff seeks to conditionally certify his claim as a collective action under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 et seq.[2] The FLSA states that "[a]n action . . . may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." Id. § 216(b). The Tenth Circuit has approved a two-part "ad-hoc" approach to determine whether employees are "similarly situated." See Thiessen, 267 F.3d at 1105. First, the court will "make[] an initial 'notice stage' determination of whether plaintiffs are 'similarly situated.'" Id. at 1102 (quoting Vaszlavik v. Storage Tech. Corp., 175 F.R.D. 672, 678 (D. Colo. 1997)). Review at this stage is lenient, as courts "require nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan."[3] Id. (quoting Vaszlavik, 175 F.R.D. at 678 (alteration in original)); see also Mooney v. Aramco Servs. Co., 54 F.3d 1207, 1214 (5th Cir. 1995) ("Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in 'conditional certification' of a representative class."), overruled on other grounds by Desert

---

[2]    The Tenth Circuit has made clear that a collective action under the FLSA is not equivalent to a class action under Federal Rule of Civil Procedure 23. Thiessen v. Gen. Elec. Capital Corp., 267 F.3d 1095, 1102 (10th Cir. 2001). However, "[m]any courts . . . use[] the vernacular of the Rule 23 class action for simplification and ease of understanding when discussing representative cases brought pursuant to § 16(b) of the FLSA." Id. at 1102 n.3 (quoting Kelley v. Alamo, 964 F.2d 747, 747 n.1 (8th Cir. 1992)).

[3]    Defendant states that plaintiff must prove that the relevant decision, policy, or plan was "unlawful," citing Thiessen and Maestas v. Day & Zimmerman, LLC, No. 09-019 JCH/LFG, 2010 WL 5625914 (D.N.M.), rev'd in part, 664 F.3d 822 (2012). Dkt. # 24, at 3. However, Thiessen does not require the decision to be unlawful. Thiessen, 267 F.3d at 1102. Maestas did not concern a first stage conditional certification, making it inapposite. See Maestas, No. 09-019 JCH/LFG, at *1.

Palace, Inc. v. Costa, 539 U.S. 90 (2003). When making the determination at the first stage, courts do not reach the merits of the case, focusing instead on whether the complaint and other allegations show that potential class members are "similarly situated." See, e.g., Renfro v. Spartan Computer Servs., Inc., 243 F.R.D. 431, 435 (D. Kan. 2007) (citing Gieseke v. First Horizon Home Loan Corp., 408 F. Supp. 2d 1164, 1166 (D. Kan. 2006)).

"At the second stage, if defendants move to decertify the collective action after the conclusion of discovery, the Court applies stricter standards to class certification." Fortna v. QC Holdings, Inc., No. 06-CV-0016-CVE-PJC, 2006 WL 2385303, at *1 (N.D. Okla. Aug. 17, 2006) (citing Thiessen, 267 F.3d at 1103). In applying that stricter standard, courts "review[] several factors, including '(1) disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to defendant which appear to be individual to each plaintiff; (3) fairness and procedural considerations; and (4) whether plaintiffs made the filings required . . . before instituting suit." Thiessen, 267 F.3d at 1103 (quoting Vaszlavik, 175 F.R.D. at 678). At issue is whether plaintiff has met the requirements for first stage conditional certification.

### B. Conditional Certification

Plaintiff argues that the complaint and supporting affidavit exceed the low threshold for first stage conditional certification. Dkt. # 16, at 5-8. Defendant's hourly non-exempt employees, including plaintiff, regularly worked more than forty hours per week and received overtime compensation. Dkt. # 1, at 2. However, the rate of overtime compensation was allegedly improperly computed, as the regular rate of pay did not include the "hot shot" payment that defendant paid its employees. Id. at 2-3. Plaintiff spoke to several co-workers, and none reported having the "hot shot"

payment included in their rate of pay for purposes of calculating overtime.[4] Dkt. # 16-1, at 2. While additional allegations would have been preferable, the Court finds that the complaint and affidavit present "substantial allegations that the putative class members were together the victims of a single decision, policy, or plan," namely that defendant failed to include the "hot shot" payment in the regular rate of pay for purposes of calculating overtime for its hourly non-exempt employees.

Defendant argues that first stage conditional certification should not be granted and cites Pegues v. CareCentrix, Inc., No. 12-2484-CM, 2013 WL 1896994 (D. Kan. May 6, 2013), Blancarte v. Provider Plus, Inc., No. 11-2567-JAR-KGG, 2012 WL 4442642 (D. Kan. Sept. 26, 2012), and Stubbs v. McDonald's Corp., 227 F.R.D. 661 (D. Kan. 2004), to support its position. However, none of these cases is binding precedent, and each is distinguishable. In Pegues, the district court granted first stage conditional certification but limited the class of potential plaintiffs because the allegations provided no first-hand knowledge of the policies or practices outside of the plaintiff's work unit. Pegues, No. 12-2484-CM, at *3-4. Pegues better supports plaintiff's position, as the district court granted conditional certification based on the allegations presented, albeit a more limited certification than the plaintiff sought. Moreover, unlike the plaintiff in Pegues, plaintiff here did not occupy a single position in a single location. Instead, he served in at least two different positions,

---

[4]      Defendant objects to plaintiff's affidavit on the basis that it includes hearsay, and defendant points specifically to plaintiff's statement about speaking with his co-workers. Dkt. # 24, at 7 n.5. However, at the first stage a plaintiff must provide "substantial allegations," not evidence, that the potential class members are similarly situated. See Thiessen, 267 F.3d at 1102. In the words of one district court, to hold plaintiff to the standards of the Federal Rules of Evidence at this stage "fails to take into account that the plaintiff has not yet been afforded an opportunity, through discovery, to test fully the factual basis for his case." White v. MPW Indus. Servs., Inc., 236 F.R.D. 363, 368 (E.D. Tenn. 2006); see also Swartz v. D-J Engineering, Inc., No. 12-CV-1029-JAR, 2013 WL 5348585, at *3-*4 (D. Kan. Sept. 24, 2013); Fisher v. Mich. Bell Tele. Co., 665 F. Supp. 2d 819, 826 (E.D. Mich. 2009). Thus, the Court will consider plaintiff's affidavit in its entirety.

and he worked at a number of different remote sites. See Dkt. # 16-1, at 1; see also Dkt. # 27, at 9. Plaintiff received the same cash "hot shot" payment regardless of work site or position, and he repeatedly observed other employees receive the same payment. Dkt. # 16-1, at 1-2. Thus, unlike in Pegues, plaintiff has provided substantial allegations of a policy or plan that goes beyond a single work unit or type of work performed.

As here, the plaintiff in Blancarte relied solely on the complaint and his own affidavit to justify first stage conditional certification. Blancarte, No. 11-2567-JAR-KGG, at *1-*2. The district court in Blancarte denied certification, explaining that the plaintiff had failed to provide substantial allegations in part because he could "not name a single co-worker who shares his concerns, or one willing to provide an affidavit or desire to opt-in to the litigation." Id. at *3. However, in that case the plaintiff provided only "speculative" allegations as to whether other employees experienced the same alleged FLSA violation. Id. Here, plaintiff spoke to other employees, each of whom confirmed that defendant had calculated their rate of overtime pay in the same way that they calculated his rate. Dkt. # 16-1, at 1. Thus, plaintiff has provided more than "speculative" allegations, distinguishing this case from Blancarte. The fact that plaintiff has not yet identified the co-workers with whom he spoke is not a bar to first stage conditional certification, as plaintiff is not required to prove his claim at this stage, only to provide "substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." See Thiessen, 267 F.3d at 1102.

Defendant cites Stubbs as additional support for the argument put forth in Blancarte. In Stubbs, the court did not certify the case because it found the plaintiff's allegations speculative in light of affidavits produced by the defendant that called into question the plaintiff's statements about the requirements of his former position. Stubbs, 227 F.R.D. at 666. Unlike the defendant in Stubbs,

defendant here has not produced any evidence, in the form of depositions, affidavits, or otherwise, that would tend to rebut plaintiff's description of how defendant calculates the rates of overtime pay for its employees. Thus, the relevant allegations, which the Court has already deemed substantial, are unrebutted. Neither <u>Pegues</u>, <u>Blancarte</u>, nor <u>Stubbs</u> is on point.

Defendant's remaining arguments against first stage conditional certification are premature. Defendant argues that certification is inappropriate because plaintiff has failed to file a written consent in accordance with the FLSA,[5] because plaintiff has not alleged his specific job duties during specific time periods, and because plaintiff did not state the extent to which defendant required plaintiff to travel as part of his employment. Dkt. # 24, at 2-6. While each of these arguments deserves consideration, each belongs at the second stage of certification, not the first. <u>See Thiessen</u>, 267 F.3d at 1103 (noting that at the second stage a court should consider the "(1) disparate factual and employment settings of the individual plaintiffs; [and] (2) the various defenses available to defendant which appear to be individual to each plaintiff"). The same is true for defendant's argument that the "hot shot" payment was a permissible exclusion from the rate of calculation, as that argument goes directly to the merits of the case. <u>See Renfro v. Spartan Computer Servs., Inc.</u>, 243 F.R.D. 431, 435 (D. Kan. 2007) (declining to reach the merits of a case at the first stage). The Court concludes that first stage conditional certification is appropriate, as plaintiff has presented "substantial allegations" that he and other of defendant's employees received a rate of overtime pay

---

[5]     Defendant casts this argument as a question of standing. Dkt. # 24, at 2. However, defendant's brief makes clear that the issue revolves around application of the statute of limitations, which is a defense to plaintiff's claim, not an issue of standing. <u>See Youren v. Tintic Sch. Dist.</u>, 343 F.3d 1296, 1303 (10th Cir. 2003) ("[T]he statute of limitations is an affirmative defense . . . ."). Further, this argument is moot because plaintiff filed his consent on December 26, 2014. <u>See</u> Dkt. # 26; <u>see also</u> n.7 <u>infra</u> (discussing the import of plaintiff's filing of the consent on the statute of limitations applicable to plaintiff).

that was improperly calculated because it did not include the "hot shot" payment in the rate of regular pay.

C. Parameters of the Class

As the Court has approved first stage conditional certification, the question becomes what class to certify. Plaintiff proposes the following class: "All current and former CGG employees entitled to be paid overtime premiums under the FLSA who received at least one cash hot shot payment and worked for CGG on or after October 14, 2011." Dkt. # 16, at 2. Defendant, believing plaintiff's class to overly broad, proposes: "[All] current and former CGG Land hourly non-exempt field employees who performed work on the same jobs as Plaintiff and received 'hot shot' payments in the three years (plus twenty-one days) preceding the date the collective action is certified." Dkt. # 24, at 9. The proposed classes differ in the type of employee proposed, the employees' geographical assignments, and the applicable statute of limitations period. Plaintiff does not contest the first restriction, that the type of employee be limited to "hourly non-exempt field employees." Indeed, the complaint and plaintiff's affidavit refer to both plaintiff and his co-workers as hourly non-exempt employees. See Dkt. # 1, at 2; Dkt. # 16-1, at 1. However, the Court sees no reason to limit explicitly the scope of the class to "field" employees. If non-"field" employees were also given a "hot shot" payment and that payment was not included in the regular rate of pay during calculation of the rate of overtime pay, then those employees should not be excluded from the class. Cf. Hoffmann-La Roche Inc. v. Sperling, 493 U.S. 165, 170 (1989) ("The judicial system benefits by efficient resolution in one proceeding of common issues of law and fact arising from the same alleged discriminatory activity.").

8

This case does not merit a geographical restriction. In <u>Pegues</u>, discussed above, the district court restricted the class to the filing plaintiff's working group. <u>Pegues</u>, No. 12-2484-CM, at *3-*4. However, that plaintiff worked in a "stand-alone group" that the defendant, a national corporation, had used as a pilot program for the time system about which the plaintiff complained. <u>Id.</u> at 3. The plaintiff had no first-hand knowledge of defendant's operations outside of her working group. <u>Id.</u> Similarly, the district court in <u>Braun v. Superior Industries International, Inc.</u>, No. 09-2560-JWL, 2010 WL 3879498 (D. Kan. Sept. 28, 2010), restricted the class to employees of only one of the defendant's five facilities. <u>Braun</u>, No. 09-2560-JWL, at *6. The court did so because the plaintiffs' allegations were either silent or were not "substantial" as to the other four facilities, and the plaintiffs specifically alleged that the violation was attributable to "'rogue' supervisors" at the facility to which the class was restricted. <u>Id.</u> By contrast, plaintiff here worked at a variety of sites around the country, and he always received a "hot shot" payment. Dkt. # 16-1, at 1-2. He observed numerous coworkers receive similar payments and document their receipt of the payment. <u>Id.</u> at 2. This was not the type of geographically limited pilot program at issue in <u>Pegues</u> and, unlike <u>Braun</u>, plaintiff's allegations provide first-hand information about defendant's actions at numerous work sites. The Court will not limit the class to those who "performed work on the same jobs as Plaintiff."

Modification of plaintiff's proposed class is necessary as to the limitations period, however. The relevant statute states that "[a]ny action . . . to enforce any cause of action for . . . unpaid overtime compensation . . . shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." 29 U.S.C. § 255. Courts generally use the three year limitations period in first stage conditional certification, despite the requirement

of a willful violation, because the question of wilfulness speaks to the merits of the case.[6] E.g. Hose v. Henry Indus., Inc., __ F. Supp. 3d __, 2014 WL 4749431, at *13 (D. Kan. 2014); Tommey v. Computer Scis. Corp., No. 11-CV-02214-EFM-GLR, 2014 WL 61834, at *3 (D. Kan. Jan. 8, 2014). A collective action "commences" for a named plaintiff when the plaintiff files both the complaint and a written consent to join the collective action; for all other plaintiffs, or for any named plaintiff who does not file a consent when filing the complaint, the action "commences" on the date that written consent is filed with the court.[7] 29 U.S.C. § 256. Defendant is correct that, under the statute, the limitations period for opt-in plaintiffs continues to run until they file their written consents with the Court. Dkt. # 24, at 8-9 (citing § 256(b)). Other district courts in this circuit have reasoned that, because opt-in plaintiffs cannot join a collective action prior to the class being conditionally certified and notice being provided, the three year period should end with the date of conditional certification. See, e.g., Smith v. Pizza Hut, Inc., Civil Action No. 09-cv-01632-CMA-BNB, 2012 WL 1414325, at *6 (D. Colo. April 21, 2012); Lewis v. ASAP Land Exp., Inc., Civil Action No. 07-2226-KHV, 2008 WL 2152049, at *2 (D. Kan. July 15, 2009). The Court finds these cases persuasive and will apply their reasoning here.

---

[6]     In return for an extension of time to respond to plaintiff's motion, defendant agreed to toll the statute of limitations for an additional twenty-one days. Dkt. # 24, at 9 n.9; see also Dkt. # 21, at 2.

[7]     Plaintiff filed his complaint on October 14, 2014. Dkt. # 1. However, he did not file a written consent until December 26, 2014. Dkt. # 26. Thus, plaintiff's case did not "commence" until December 26, 2014, and his claims will be limited to those that arose within the applicable limitations period prior to that date. 29 U.S.C. § 256(b); see also Chapman v. BOK Fin. Corp., No. 12-CV-613-GKF-PJC, 2014 WL 3700870 (N.D. Okla. July 25, 2014) (granting summary judgment against a plaintiff who filed her written consent outside of the limitations period, even though the plaintiff filed the complaint inside the limitations period).

The Court concludes that the class of potential plaintiffs to whom notice should be given shall be limited to: All of defendant's current and former hourly non-exempt employees who were entitled to be paid overtime premiums under the FLSA and who received at least one cash "hot shot" payment in the three years (plus twenty-one days) preceding the date the collective action is certified.

D. The Notice

The utility of a collective action under the FLSA "depend[s] on employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." Hoffmann-La Roche Inc. v. Sperling, 493 U.S. 165, 170 (1989). Plaintiff attached to his motion a proposed notice to be sent to potential class members. Dkt. # 16-2. Defendant objects to allowing potential class members to have more than forty-five or sixty days to file their consents with the Court. Dkt. # 24, at 10. District courts in this circuit have approved response times of forty-five, sixty, ninety, and even one hundred and twenty days, depending on the circumstances of the case. See Torres v. Cache Cache, Ltd., No. 12-cv-00150-LTB-KMT, 2012 WL 6652856 (D. Colo. Dec. 21, 2012) (forty-five days); Bruner v. Sprint/United Mgmt. Co., No. 07-2164-KHV, 2009 WL 2058762 (D. Kan. July 14, 2009) (sixty days); Darrow v. WKRP Mgmt., LLC, No. 09-cv-01613-CMA-BNB, 2012 WL 638119 (D. Colo. Feb. 28, 2012) (ninety days); Armstrong v. Genesh, Inc., No. 11-1161-CM, 2011 WL 6151416 (D. Kan. Dec. 12, 2011) (one hundred and twenty days). The Court has previously approved a sixty day response

11

period, see Fortna v. QC Holdings, Inc., No. 06-CV-0016-CVE-PJC, 2006 WL 2385303 (N.D. Okla. Aug. 17, 2006), and the Court sees no reason why that amount of time would not be sufficient here.[8]

Defendant also objects to a number of statements in the notice as "solicitous and far from the neutral notification from the Court about the putative collection [sic] members' rights to join the lawsuit that the notice is supposed to represent." Id. However, as plaintiff notes, defendant fails to propose alternative language for those statements that it found objectionable. Dkt. # 27, at 10. District courts have discretion to authorize the form of notice sent to potential class members. Hoffman-La Roche Inc., 493 U.S. at 172-73. In this circuit, courts have been reluctant to alter a plaintiff's proposed notice, as long as that notice is fair and accurate. See Darrow, No. 09-cv-01613-CMA-BNB, at *5 (citing Wass v. NPC Int'l, Inc., No. 09-2254-JWL, 2011 WL 1118774, at *8 (D. Kan. Mar. 28, 2011)). When the parties dispute the form of the notice, courts have often required the parties to attempt to create a compromise notice, rather than simply ruling on the proposed notice. E.g. Swartz v. D-J Eng'g, Inc., No. 12-CV-1029-JAR, 2013 WL 5348585, at *7 (D. Kan. Sept. 24, 2013); Torres, No. 12-cv-00150-LTB-KMT, at *5; Johnson v. Academy Mortg. Corp., No. 2:12-CV-276 TS, 2012 WL 5416200, at *2 (D. Utah Nov. 2, 2012); Guidry v. Chenega Integrated Sys., L.L.C., No. CIV-07-378-D, 2009 WL 312069, at *5 (W.D. Okla. Feb. 6, 2009). The parties shall meet and confer to develop an agreed notice. Should the parties prove unable to agree, plaintiff may submit its proposed notice and brief argument by motion, to which defendant may respond.

---

[8]   The Court may modify the response period as needed based on the length of the parties' dispute as to the form of the notice.

12

E. Other Relief Requested

In addition to requesting first stage conditional certification and approval of the notice to be sent to potential class members, plaintiff requested a number of other orders from this Court, including: ordering defendant to produce a list of the names, addresses, and dates of employment of potential class members; ordering plaintiff to deliver the notice to potential class members within ten days of receiving the aforementioned list; ordering defendant to include a copy of the notice, in English and Spanish, in two consecutive pay envelopes as well as in the mailing of each 2014 W-2 form to potential class members; and ordering that the conditional certification continue through the close of discovery. Dkt. # 16, at 10. Defendant does not object to providing the names and last known contact information of potential class members. Dkt. # 24, at 10. However, defendant objects to the remainder of plaintiff's requests as having no legitimate basis. Id. at 9-11. Plaintiff did not address defendant's arguments in his reply. As the notice is not yet finalized, ordering plaintiff to deliver the notice would be premature. Plaintiff's final request, that the court require the conditional certification continue through discovery, needs no order, as the Tenth Circuit has stated that the second stage of the certification process occurs upon a motion to decertify at the close of discovery. Thiessen, 267 F.3d at 1102-03 ("At the conclusion of discovery (often prompted by a motion to decertify), the court then makes a second determination, utilizing a stricter standard of 'similarly situated.'" (emphasis added)).

Plaintiff has presented no controlling authority from this circuit suggesting that defendant should be required to include the notice with employees' pay envelopes or W-2 forms, and the Court has found none. The Court did locate cases in other circuits that approved similar methods of providing notice, but many of those cases dealt with low-wage, transient workers for whom the

contact information on file with the defendant may not have been accurate. See, e.g., Carrillo v. Schneider Logistics, Inc., No. CV 11-8557 CAS (DTBx), 2012 WL 556309, at *12-*13 (C.D. Cal. Jan. 31, 2012). Beyond that specific circumstance, courts do not regularly order notice disseminated by means other than the U.S. mail. See, e.g., Alvarez v. Farmers Ins. Exchange, No. 14-cv-00574-WHO, 2014 WL 4685031, at *4 (N.D. Cal. Sept. 19, 2014) (denying plaintiff's request that notice be included in defendant's employees' pay envelopes); Garcia v. Salamanca Grp., Ltd., No. 07 C 4665, 2008 WL 818532, at *5 (N.D. Ill. Mar. 24, 2008) (same); but see Curless v. Great Am. Real Food Fast, Inc., 280 F.R.D. 429, 437 (S.D. Ill. 2012). As plaintiff has provided no reason why notice should be given through pay envelopes and W-2 mailings in addition to the separate notice that plaintiff intends to mail, the Court finds that notice by mail will be sufficient.

IT IS THEREFORE ORDERED that plaintiff's motion for first stage collective action certification, for Court authorized notice, and for disclosure of the names, addresses and dates of employment of the potential opt-in plaintiffs (Dkt. # 16) is **granted in part and denied in part**. The motion is granted as to plaintiff's requests for first stage conditional certification of a class of potential plaintiffs, for notice to potential class members, and for production by defendant of the contact information of members of that class. The motion is denied as to plaintiff's requests that defendant include copies of the notice in employees' pay envelopes or W-2 mailings.

IT IS FURTHER ORDERED that plaintiff's claim is conditionally certified as a collective action pursuant to 29 U.S.C. § 216. The class of potential plaintiffs in this collective action shall be limited to: All of defendant's current and former hourly non-exempt employees who were entitled to be paid overtime premiums under the FLSA and who received at least one cash "hot shot" payment in the three years (plus twenty-one days) preceding the date the collective action is certified.

**IT IS FURTHER ORDERED** that the parties will meet and confer and, no later than **January 21, 2015**, will submit to the Court an agreed-upon notice. The notice will conform to those requirements outlined in this opinion and order. If the parties are unable to agree, plaintiff will submit, no later than **January 28, 2015**, a proposed notice and a brief in support of no more than five pages. Defendant will respond no later than **February 4, 2015** in a brief of no more than five pages.

**IT IS FURTHER ORDERED** that defendant will provide plaintiff with the contact information of all potential class members no later than **January 21, 2015**.

**DATED** this 14th day of January, 2015.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE