# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| R. DANE SHARP, individually and on behalf of all similarly situated employees, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CGG LAND (U.S.) INC., )<br>)<br>Defendant. ) | Case No. 14-CV-0614-CVE-TLW |

## OPINION AND ORDER

Before the Court are plaintiff's brief (Dkt. # 32) in support of his proposed notice to potential plaintiffs and defendant's brief in response (Dkt. # 33). Each party attached a proposed notice to potential plaintiffs to its brief. Dkt. # 32-1; Dkt. # 33-1. Plaintiff's complaint alleges that defendant violated the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 et seq., by not including daily cash payments, called "hot shot" payments, in his regular rate of pay for purposes of calculating overtime compensation. Dkt. # 1. Plaintiff previously moved to certify this case as a collective action pursuant to 29 U.S.C. § 216 and for approval of a proposed notice to potential plaintiffs. Dkt. # 16. Defendant objected, inter alia, to plaintiff's proposed notice in its response, but it did not provide an alternative notice or suggest specific changes. Dkt. # 24. This Court entered an opinion and order granting first stage conditional certification of a class of potential plaintiffs but requiring plaintiff and defendant to meet and confer to develop a notice. Dkt. # 29, at 15. If the parties were unable to agree, they were to submit proposed notices and briefs in support for the Court's consideration. Id. The parties have proven themselves unable to agree.

### I.

Before proceeding to the form of the notice to be sent to potential plaintiffs, the Court must first address two issues that plaintiff has raised. Plaintiff argues that defendant objected to only four discrete aspects of his proposed notice in its response, and the failure to object to other issues at that time has waived further objections.[1] Dkt. # 32, at 2. However, plaintiff does not support his waiver argument with citation to case law, and the Court could find none. Moreover, as defendant points out, the objections were intended as examples. See Dkt. # 33, at 2. In its response, defendant argued that

> [m]any of the statements made in Plaintiff's proposed Notice of Lawsuit are solicitous and far from the neutral notification from the Court about the putative collection [sic] members' rights to join the lawsuit that the notice is supposed to represent. For example, the statement in the proposed notice that Defendant "refused to include daily cash hot shot payments in the calculation of overtime pay" is inaccurate and clearly biased toward the Plaintiff.

Dkt. # 24, at 10 (emphasis added). The language defendant used clearly shows that its stated objections were illustrations, not an all-encompassing list of its objections.[2] The Court recognized this fact when it ordered the parties to confer and, if no agreement could be reached, to submit briefs

---

[1] In its response, defendant objected to the following: certain language in the "Description of the Lawsuit" and "Your Right to Join This Lawsuit" sections of the proposed notice; inclusion of plaintiff's counsel's fee arrangement; and inclusion of language that potential class members could seek another copy of the consent to join form by contacting plaintiff's counsel. Dkt. # 24, at 9-11. In his brief, plaintiff addressed each of these objections in turn, changing the language in the "Description of the Lawsuit" section of the proposed notice but arguing that the remaining objections are unsubstantiated. Dkt. # 32, at 3-4.

[2] Plaintiff also argued that defendant has waived further objections because its response did not reach the page limit this Court has set for responses to motions. Dkt. # 32, at 2. The fact that defendant did not address each and every objection it had with plaintiff's proposed notice, even though it had not reached this Court's page limit for a response to a motion, does not make less relevant its position that "[m]any" of the statements in the proposed notice were inaccurate.

and proposed notices for the Court's consideration. Plaintiff's argument is without merit, and the Court will consider all of the revisions contained in defendant's proposed notice.

Plaintiff also argues that the Court should modify the sixty day response period, stating that the unique circumstances of this case merit a longer response period. Id. at 5. In its opinion and order, the Court wrote that it "has previously approved a sixty day response period . . . and the Court sees no reason why that amount of time would not be sufficient here." Dkt. # 29, at 11-12. Plaintiff argues that sixty days is not sufficient because the potential plaintiffs are "typically away from their home base for at least six weeks at a time. With travel time at least some potential plaintiffs would have little time to respond . . . if they had just begun a work assignment away from home at the time the notice [sic] are sent . . . ." Dkt. # 32, at 5. Defendant contends that plaintiff had the opportunity to argue for a longer response period, but that he did not do so and should not be allowed to do so now. Dkt. # 33, at 5. Additionally, it argues that plaintiff has presented the Court with no new information that would justify modifying the response period. Id. The Court considered the unusual nature of potential plaintiffs' employment when it approved the sixty day response period but found it unlikely that plaintiff's feared confluence of events will occur.[3] Moreover, because a collective action under 29 U.S.C. § 216 requires a plaintiff to opt in--as opposed to a class action, which requires a plaintiff to opt out--the potential plaintiff's rights would not be prejudiced if he is unable to join this action. See Fortna v. QC Holdings, Inc., No. 06-CV-0016-CVE-PJC, 2007 WL 214438,

---

[3] This is especially true where, as here, potential plaintiffs may e-mail their consent to join form to plaintiff's counsel, who may file them electronically on the same day. Plaintiff's scenario would thus require the potential plaintiff to be away from home for almost the full sixty day response period, which seems a remote possibility.

at *1 (N.D. Okla. Jan. 26, 2007) (citing Cameron-Grant v. Maxim Healthcare Servs., Inc., 347 F.3d 1240, 1248 (11th Cir. 2003)). The Court will not modify the sixty day response period.

## II.

The utility of a collective action "depend[s] on employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." Hoffmann-La Roche Inc. v. Sperling, 493 U.S. 165, 170 (1989). Neither 29 U.S.C. § 216 nor the Supreme Court directs that the notice to potential class members take a specific form; rather, district courts have discretion to authorize the form of the notice based on the facts and circumstances at hand. Id. at 172-73. In this circuit, courts have been reluctant to alter a plaintiff's proposed notice, as long as that notice is fair and accurate. See Darrow v. WKRP Mgmt., LLC, No. 09-cv-01613-CMA-BNB, 2012 WL 638119, at *5 (D. Colo. Feb. 28, 2012) (citing Wass v. NPC Int'l, Inc., No. 09-2254-JWL, 2011 WL 1118774, at *8 (D. Kan. Mar. 28, 2011)). However, the Court must ensure that any notice is "timely, accurate, and informative." Hoffmann-La Roche, 493 U.S. at 172.

The Court finds that plaintiff's proposed notice should be modified. As defendant points out, there are numerous statements in plaintiff's proposed notice that do not meet the standard of an "accurate[] and informative" discussion of potential plaintiffs' rights. See id. The Court has revised these statements, either by adopting defendant's proposed language or by crafting its own. The Court has also modified statements that were incorrect, such as plaintiff's description of the class of potential plaintiffs. To the extent the Court has left unrevised a statement that defendant revised in its proposed notice, the Court finds that revision is unnecessary to comply with the Supreme Court's instructions in Hoffman-La Roche.

4

The Court has also inserted a new paragraph to address two previously ignored issues: potential plaintiffs' obligations to participate in the case; and potential plaintiffs' liability for costs. As to potential plaintiffs' obligations, many district courts have found it necessary to inform potential plaintiffs that opting into a collective action may require them to participate in more than name, including by appearing for depositions or at trial or by taking part in discovery. See, e.g., Renfro v. Spartan Computer Servs., Inc., No. 06-2284-KHV-DJW, 2008 WL 474253, at *1-2 (D. Kan. Feb. 19, 2008); Reab v. Electronic Arts, Inc., 214 F.R.D. 623, 630 (D. Colo. 2002). The Court agrees with this reasoning, and it has inserted language similar to that used by those courts to address this omission. As to the question of costs, the FLSA is silent as to whether a prevailing defendant may recover costs. Gieseke v. First Horizon Home Loan Corp., Civil Action No. 04-2511-CM, 2006 WL 2919076, at *2 (D. Kan. Oct. 11, 2006). The Court recognizes that including a statement that potential plaintiffs may bear costs could discourage some from opting into the lawsuit. Id. However, courts in other districts have awarded costs to a prevailing collective action defendant. See Creten-Miller v. Westlake Hardware, Inc., Civil Action No. 08-2351-KHV, 2009 WL 2058734, at *4-5 (D. Kan. July 15, 2009) (collecting cases). This Court has never ruled on the issue, and it does not now determine whether costs would be awarded if defendant proves victorious here. However, because such a result is possible, the potential plaintiffs should be informed. See Wass v. NPC Int'l, Inc., No. 09-2254-JWL, 2011 WL 1118774, at *8 (D. Kan. Mar. 28, 2011).

The Court finds that the notice shall be in the form attached as exhibit A hereto, which includes the following changes to defendant's proposed notice:

- On page 1,[4] the first paragraph below the line beginning with "RE:" is to be modified as follows: "To recover wages you may be owed in connection with the above-referenced lawsuit, you must sign and mail or e-mail the enclosed 'Consent to Join' form to the Law Office of J. Vince Hightower by April 14, 2015.[5] If your consent form is not received by this date, you will not be able to join this lawsuit."

- On page 1, the paragraph under the heading "Introduction" is to be modified as follows: "You may have the right to join a collective action lawsuit filed against CGG Land (U.S.) Inc. ('CGG') in the United States District Court for the Northern District of Oklahoma. This notice will explain to you how to join the lawsuit and how your rights will be affected by your decision to join or not to join. The Court has expressed no opinion on the merits of the case."

- On pages 1-2, in the paragraph under the heading "Description of the Lawsuit," the second sentence is to be modified as follows: "The Plaintiff claims that CGG violated federal law by not including daily cash payments, called 'hot shot' payments, in the regular rate of pay for purposes of calculating overtime compensation."

- On page 2, the paragraph under the heading "Employees Eligible for This Lawsuit" is to be modified as follows: "All of CGG's current and former hourly non-exempt employees who were entitled to be paid overtime premiums under the Fair Labor

---

[4] All page numbers refer to the page numbers of plaintiff's proposed notice as it appears in the first exhibit of plaintiff's brief. See Dkt. # 32-1.

[5] This date is 60 days from February 13, 2015, which puts the burden on plaintiff's counsel to distribute the notice by February 13, 2015.

- Standards Act and who received at least one cash 'hot shot' payment in the three years plus twenty-one days preceding January 14, 2015."

- On page 2, in the first paragraph under the heading "Your Right to Join This Lawsuit," the first sentence is to be modified as follows: "If you worked at CGG as an hourly non-exempt employee during the three years plus twenty-one days preceding January 14, 2015 and received at least one cash 'hot shot' payment, you have the right to join this lawsuit to recover overtime wages you may be owed." The third sentence in the same paragraph is to be modified as follows: "If your consent form is not received by the Law Office of J. Vince Hightower by this date, you will not be able to join this lawsuit."

- On page 2, in the third paragraph under the heading "Your Right to Join This Lawsuit," the second sentence is to be modified as follows: "In addition, if you choose to join, your continued right to participate in the lawsuit, and your right to recovery of monies, will depend on the determination of whether you worked for CGG during the relevant time period and whether the overtime compensation you received was calculated correctly."

- On page 3, the first sentence of the paragraph under the heading "The Legal Effect of Joining This Lawsuit" must be deleted. Following the first paragraph under that heading, a new paragraph must be added, as follows: "If you join this lawsuit, you may be obligated to take certain actions. These actions may include: 1) appearing for a deposition; 2) providing documents or written answers to questions; and/or 3) appearing at a trial in Tulsa, Oklahoma. Additionally, if you do not prevail on your

claim, CGG's court costs and expenses, but not CGG's attorneys' fees, could potentially be assessed against you and all other plaintiffs."

- On page 5, the second paragraph of the consent to join form is to be modified as follows: "I hereby agree to be bound by an adjudication of this action, whether it is favorable or unfavorable. I further agree to be bound by any collective action settlement herein approved by my attorney and the Court."

- Throughout the notice are blank spaces indicating the date by which potential plaintiffs must return the completed consent to join form in order to opt into this lawsuit. Each of those blank spaces is to be replaced with April 14, 2015.

**IT IS THEREFORE ORDERED** that plaintiff will modify the notice as per exhibit A and mail a copy of the notice to all potential plaintiffs by first class United States mail no later than **February 13, 2015**.

**DATED** this 12th day of February, 2015.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE